Filing # 52155608 E-Filed 02/07/2017 11:56:05 AM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

Case No.

Division:

NATIONAL DISTRIBUTION CENTERS, ) LLC, a Delaware limited liability company, as assignee of Majestic ) International Tradeport, LLC,
)
    Plaintiff,
v. )

MONSTER ENERGY COMPANY, )
a Delaware corporation,
)
    Defendant.
_____)

## COMPLAINT

National Distribution Centers, LLC, a Delaware limited liability company ("NDC"), as assignee of Majestic International Tradeport, LLC ("Majestic"), sues defendant Monster Energy Company, a Delaware corporation ("Monster"), and alleges:

    1.    This is an action for damages that exceed $15,000, exclusive of interest and costs.

    2.    NDC is a Delaware limited liability company that maintains an office and does business in Duval County, Florida.

    3.    Monster is a Delaware corporation that manufactures, distributes and sells Monster brand energy drinks throughout the United States and various parts of the world. As alleged below, Monster (a) is operating, conducting, engaging in, or carrying on a business or business venture in this state, (b) has committed a tortious

act within this state, (c) has caused injury to property within this state arising out of acts or omissions by Monster outside this state, and at or about the time of the injury, products manufactured by Monster were used or consumed within this state in the ordinary course of commerce, trade, or use, and (d) is engaged in substantial and not isolated activity within this state.

4. Venue is proper in this Court in that the cause of action accrued in Duval County, Florida.

5. Majestic owns the warehouse located at 13398 International Parkway, Jacksonville, Florida (the "Warehouse").

6. Beginning in November 2006, Majestic began leasing portions of the Warehouse to a tenant, NDC, which provides warehousing and distribution services to various customers.

7. Beginning in November 2010, Monster began storing palletized cans of its beverage products in the Warehouse pursuant to an agreement between NDC and Monster.

8. At or before this time in November 2010, Monster (a) knew or should have known that its beverage products were highly corrosive and they could severely damage the concrete floor of the Warehouse, (b) failed to disclose or intentionally concealed the corrosive properties of Monster beverage products from Majestic and its tenant NDC prior to Monster's storage of its beverage products at the Warehouse, and (c) failed to provide any warning to Majestic or its tenant NDC of the potential physical damage from the corrosive properties of Monster beverage products or to suggest policies and procedures that could have reduced or eliminated such damage.

9. In approximately July 2015, Majestic became aware that the concrete

2

floor of the Warehouse had been severely damaged by Monster beverage products escaping from the palletized cans and coming into contact with the floor.

10. Monster was and is under a duty to exercise reasonable care in the design, manufacture, packaging and transport of their beverage products so as to eliminate unreasonable risks of foreseeable injury to property where such products are stored.

11. Monster breached its duty of care to Majestic by (a) negligently or knowingly and intentionally manufacturing beverage products that are so corrosive that they can and do eat through concrete, an unforeseeable risk considering that these products are marketed throughout the world for human consumption, (b) negligently or knowingly and intentionally packaging their beverage products in flimsy aluminum cans that routinely fail and leak without notice, spilling their corrosive contents on the floor and surrounding areas in a manner that frequently is not immediately detectable, and (c) negligently or knowingly and intentionally failing to warn Majestic, its tenant NDC and others involved in the transport and storage of Monster beverage products of the extreme corrosiveness of Monster beverage products and the unreliability of their packaging and the need to implement additional policies and procedures to avoid physical damage to their surroundings.

12. As a direct and proximate result of the negligent or the knowing and intentional acts or omissions of Monster as alleged above, Majestic has suffered physical damage to the Warehouse and resulting loss of rent and other financial losses.

13. In September 2016, NDC and Majestic entered into an agreement pursuant to which Majestic assigned to NDC any and all claims Majestic may have

against Monster as alleged above.

WHEREFORE, NDC as assignee of Majestic, demands judgment against Monster for damages, together with interest and costs, and demands trial by jury of all issues so triable.

SAALFIELD SHAD, P.A.


By: _____
Richard M. Stoudemire
Joel Settembrini, Jr.

Florida Bar Number 349364
Florida Bar Number 689572
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
(904) 355-4401
(904) 355-3503 (facsimile)
rstoudemire@saalfieldlaw.com
jsettembrini@saalfieldlaw.com

Attorneys for National Distribution Centers, LLC